■  VICTOR S. CICHANOWICZ et al., Appellants, v. PAUL COTOGNO et al., Respondents.— In an action for a declaratory judgment, injunctive relief and damages, plaintiffs appeal from a judgment of the Supreme Court, Richmond County, dated April 30, 1971 and made after a nonjury trial, which, *inter alia*, dismissed the amended complaint and granted defendants relief upon their counterclaim. Judgment reversed, on the law and on the facts, with costs; defendants' counterclaim dismissed; and judgment granted in favor of plaintiffs, with costs, (1) declaring that the right of way to which plaintiffs are entitled along the southern sector of defendants' property is as set forth in the December 31, 1914 Cromwell deed to the Richmond County Country Club Real Estate Company (Liber 442, p. 245) and the Boecklin survey incorporated therein by reference and attached thereto; that the said Boecklin right of way is 20 feet in width as it passes over and above the north boundary of plaintiffs' property; and that said right of way commences at Todt Hill Road and runs between the 141-year-old maple tree on its immediate north and the 136-year-old maple tree stump on its immediate south, both of which trees were marked on the photographic exhibits at the trial; and (2) directing defendants to remove, at their expense, all obstructions in and to said right of way and to restore it to the condition existing prior to defendants' digging into it and placement of obstructions thereon; and further directing that defendants, their agents, servants and employees are permanently enjoined from interfering with plaintiffs' use of said right of way for the purposes set forth in said Cromwell deed. In our opinion, the evidence established that the Boecklin right of way commenced at Todt Hill Road between the 141-year-old (in 1969) maple tree on its immediate north and the 136-year-old maple tree stump on its immediate south, and that the dirt road (now paved) passing between said trees was within said right of way. Defendants' contentions run contrary to the physical evidence and usage dating back to 1915. It obviously would be incongruous in 1914 to plot a right of way with a then 81-year-old maple tree in the midst of its entrance. The Boecklin survey shows a line of maple trees along the Todt Hill Road border and locates a maple tree on each side of the entrance to the right of way. It does not show any tree within the 20-foot right of way. It is clear that, in doing the 1947 Flagg survey, the Ettlinger field party was unduly influenced by a line of east-west fence posts south of the dirt road. Although these posts are not mentioned in the 1914 Cromwell deed or in the 1926 Cromwell to Flagg deed, the north boundary of the Flagg tract was "moved" southward onto the fence post line and the "adjusted" boundary was given co-ordinates at its entrance point from Todt Hill Road. Thereafter, north tract (Liber 442, p. 245) surveys were made by the Ettlinger firm in the 1950's. In order to avoid a gap between the south boundary of the north tract and the north boundary of the south tract, the former was moved southward onto the Flagg "adjusted" boundary line and the southwest corner of the north tract was given the co-ordinates of the northwest corner of the erroneously "lowered" Flagg boundary. This is borne out by the fact that the straight line distance between the northwest and southwest property corners of the Boecklin survey is 376.18 feet, whereas the straight line dis-

tance between the equivalent points on the Ettlinger survey is 392.81 feet, or 16.63 feet more than the Boecklin survey. The deeds of the Flagg property to Ahlborn, Polzer and plaintiffs "picked up" the erroneous co-ordinates of the northwest corner of the Flagg tract, but could not and cannot avoid the fact that the north boundary line of the Flagg tract must remain contiguous with the south boundary of the north tract and that the former's Todt Hill Road commencement is immediately north of the 136-year-old maple tree stump. It is clear that Ettlinger could not rightfully move or expand the north tract southward. The south tract is monumented on its north by the south boundary line of the north tract. The monumentation by contiguous boundary prevails over the erroneous co-ordinates. The testimony of Milano and Lo Bianco establishes that the Ettlinger firm did not retrace the Boecklin lines. The testimony revealed other discrepancies between the Ettlinger and Boecklin surveys. In our opinion, defendants did not establish that the Boecklin lines could not be retraced on the property today. It is also obvious that the Doyle survey was predicated on the erroneous Ettlinger co-ordinates picked up from Polzer's deed. Plaintiffs took no exception to the trial court's inspection of the property. However, we find that the trial court's conclusions are contrary to the uncontroverted evidence (see *Weiant* v. *Rockland Lake Trap Rock Co.*, 61 App. Div. 383, affd. 174 N. Y. 509). Plaintiffs presented no competent evidence of monetary damage. Rabin, P. J., Hopkins, Munder, Gulotta and Brennan, JJ., concur.